# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN GOMEZ-SANTOS, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-00622 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN OF FCC-ALLENWOOD, | : | |
|     Respondent | : | |

## MEMORANDUM

On April 5, 2021, pro se Petitioner Edwin Gomez-Santos ("Petitioner"), who is presently incarcerated at the Federal Correctional Complex Allenwood in White Deer, Pennsylvania ("FCC Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that he is entitled to twenty (20) months' credit toward his sentence. (Id.) Following an Order to show cause (Doc. No. 6), Respondent filed his response on May 21, 2021 (Doc. No. 8). For the following reasons, the Court will deny Petitioner's § 2241 petition.

**I.    BACKGROUND**

On February 13, 2013, Petitioner was arrested in Caguas, Puerto Rico, for a violation of "Article 5.06 of Puerto Rico Weapons Law, Possession of a Firearm Without a Weapon, resulting in Case Number E1CR2013-00100" and for a violation of "Article 5.07 of Puerto Rico Weapons Law, Possession of a Firearm Without a License, resulting in Case Number E1VP2013-00757." (Doc. No. 8-1 at 1.) On June 6, 2013, the Superior Court in Caguas, Puerto Rico sentenced Petitioner to two (2) years and ninety (90) days' imprisonment for Case Number E1CR2013-00100; Case Number E1VP2013-00757 was dismissed. (Id. at 1-2.) Petitioner was transferred to the custody of the Puerto Rico Department of Corrections. (Id. at 2.)

On November 7, 2013, the United States District Court for the District of Puerto Rico issued a writ of habeas corpus <u>ad prosequendum</u>, in Case Number 3:13-cr-534-62 (CCC), for Petitioner to face federal charges of conspiracy to possess with intent to distribute cocaine within 1,000 feet of a protected location and possession of a firearm in furtherance of a drug trafficking crime. (<u>Id.</u> at 2, 7.) On February 27, 2014, the United States Marshals Service ("USMS") took Petitioner into temporary custody pursuant to the writ. (<u>Id.</u> at 2.) On June 1, 2015, the District of Puerto Rico sentenced Petitioner to a term of 88 months, 16 days' imprisonment. (<u>Id.</u> at 2, 20-21.) "The judgment ordered the federal term to be served concurrently with the sentence imposed by the local Puerto Rico term in Case Number E1CR2013-00100. The court adjusted the federal sentence by 12 months and 14 days to account for part of the time spent in state custody, which is not creditable by [the Bureau of Prisons ('BOP')]." (<u>Id.</u> at 2, 21.)

On June 24, 2015, while still in temporary USMS custody, Petitioner satisfied the term of imprisonment imposed in Case Number E1CR2013-00100. (<u>Id.</u> at 2, 26.) He was thereafter in exclusive federal custody. (<u>Id.</u> at 2.) Subsequently, the BOP reviewed Petitioner's federal sentence for possible credits for pre-sentence time pursuant to <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1972) and <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993). (Doc. No. 8-1 at 2.) First, "the Raw Expiration Full Term ('EFT') of both the non-federal and the federal sentence had to be determined by adding the length of the sentence to the date the sentence commences." (<u>Id.</u>) Petitioner's "2 year, 90 day state term commenced on June 6, 2013, with a Raw EFT date of September 3, 2015." (<u>Id.</u> at 2, 29.) His "88 month, 16 day federal term commenced on June 1, 2015, with a Raw EFT date of October 16, 2022." (<u>Id.</u> at 2, 29)

The BOP determined that Petitioner was entitled to <u>Willis</u> credit because the Raw EFT of his non-federal term was less than that of his federal sentence. (<u>Id.</u> at 2, 29.) Petitioner's "Puerto

2

Rico term was the first term imposed for purposes of applying Willis time credit and was reduced by the application of 113 days of presentence custody credit from February 13, 2013, through June 5, 2013, the date prior to the term being imposed." (Id. at 2.) These 113 days, however, were credited toward "Petitioner's federal term since the application of the presentence credit on the Puerto Rico term was of no benefit" because Petitioner had already completed that term. (Id.) The BOP, therefore, "prepared Petitioner's sentence computation based on an aggregate 88 month, 16 day term of imprisonment, commencing the federal term on Jun[e] 1, 2015, the date of imposition, and awarded him 113 days of Willis credit from February 13, 2013, through June 5, 2013." (Id. at 2-3.) Petitioner's current projected release date, with good conduct time, is December 19, 2021. (Id. at 3, 6.)

## II. DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; and (2) the BOP correctly calculated Petitioner's sentence and awarded all prior custody credit that he is due. (Doc. No. 8 at 5.) The Court considers each argument in turn.

### A. Exhaustion of Administrative Remedies

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."

See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." See id. at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt inform resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id.

The record reflects that on February 19, 2020, Petitioner filed Administrative Remedy No. 1006971 requesting prior custody credit. (Doc. No. 8-1 at 33.) His request was denied on March 10, 2020, and on March 16, 2020, Petitioner appealed the institutional response to the Northeast Regional Office. (Id.) On June 11, 2020, the Regional Office denied his request. (Id.) Petitioner failed to appeal to the BOP's General Counsel. Although Petitioner asserts that he

appealed to the Central Office and never received a response (Doc. No. 1 at 3), the record before the Court reflects otherwise. Thus, the Court agrees with Respondent that Petitioner's § 2241 petition is subject to dismissal for failure to exhaust his administrative remedies. Nevertheless, the Court will address the merits of his petition below.

      B.      **Computation of Petitioner's Sentence**

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. See 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. See 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two steps: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which the inmate may be entitled. See Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." See 18 U.S.C. § 3585(a). As noted supra, Petitioner's federal sentence commenced on June 1, 2015, the date it was imposed by the United States District Court for the District of Puerto Rico. (Doc. No. 8-1 at 2.) Petitioner does not contest that this is the date on which his federal sentence commenced. Rather, Petitioner seeks twenty (20) months of prior custody credit, beginning from the date of his arrest in February of 2013. (Doc. No. 1 at 6-7.)

18 U.S.C. § 3585(b) specifies that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

5

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

See 18 U.S.C. § 3585(b). Thus, under § 3585(b), "prior custody credit cannot be granted if the prisoner has received credit toward another sentence." See Staples v. Williamson, No. 1:06-cv-2426, 2007 WL 2011489, at *3 (M.D. Pa. July 6, 2007). "Congress made clear that a defendant could not receive a double credit for his detention time." See Wilson, 503 U.S. at 337.

Here, the time at issue was credited toward the term of imprisonment imposed on Petitioner by the Puerto Rico Superior Court. (Doc. No. 8-1 at 11.) However, because Petitioner was in primary state custody at the time his federal sentence was imposed, and the federal court ordered his federal sentence to be served concurrently with the Puerto Rico term, the BOP concluded that Petitioner was entitled to prior custody credit pursuant to the limited exception to § 3585(b) set forth in Willis. Under Willis, "time spent in presentence state custody up to the date the state sentence is imposed is credited toward time served on the federal sentence even if the defendant is also receiving credit on his state sentence for the same period of time." See Carmona v. Williamson, No. 1:05-cv-22, 2006 WL 3042967, at *3 (M.D. Pa. Oct. 23, 2006). Thus, under Willis, the BOP awarded Petitioner 113 days of prior custody credit, from February 13, 2013, the date of his arrest, through June 5, 2013, the date prior to when his Puerto Rico term was imposed. (Doc. No. 8-1 at 2.) Petitioner, therefore, has been awarded all credit to which he is entitled and is not entitled to the relief he seeks in his § 2241 petition.

### III. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's § 2241 petition. (Doc. No. 1.) An appropriate Order follows.